21-568-cr
*United States v. Stratford (Larry Green)*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty-two.

PRESENT:
GERARD E. LYNCH,
WILLIAM J. NARDINI,
ALISON J. NATHAN,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                21-568-cr

DEWAYNE STRATFORD, AKA SEALED DEFENDANT 1, AKA DUQUAN STRATFORD, EUGENE GREEN, AKA SEALED DEFENDANT 2, AKA EUGENE HUNTINGTON, AKA UNIVERSE, AKA UNI, RASHIN LINDSEY, AKA SEALED DEFENDANT 3, AKA RASHON LINDSAY, AKA MASTER, AKA I-MAS, ABDUL MOORE, AKA SEALED DEFENDANT 4, HERBERT ODOM, AKA SEALED DEFENDANT 5, AKA NUT, TYSHAWN COX, AKA SEALED DEFENDANT 6, AKA TY BLACK, AKA BLACK, AKA LOYAL BRIM, RASHON EDWARDS, AKA SEALED DEFENDANT 7, AKA SCUSS, SABRINA MCNEAL, AKA

1

SEALED DEFENDANT 8, AKA BRINA, WESLEY
FRAME, AKA SEALED DEFENDANT 9, AKA JUS-
U, JAMAR MASON, AKA SEALED DEFENDANT
10, AKA JAY, LINCOLN RIVAS PENA, AKA
SEALED DEFENDANT 1, AKA SHORTY,
ANTHONY ROSARIO GARCIA, BURNELL SCOTT,
AKA BU, AKA SEALED DEFENDANT 1,
BRANDON FIELDS, AKA BEAST, HAKIM
LOWERY, AKA HAK, BURCHANTI SCOTT, AKA
NAPP, JAMAR EDWARDS, AKA POINT GUARD,
AKA POINT, JAQUAN WALKER, AKA JUMP,
DERRON RANDOLPH, AKA D-NICE,
ALSHAQUEN NERO, AKA SHA BRIM, MYRON
WILBERLY, AKA BRIM LAW, AKA B-LOVED,
RACHAUN PARKER, AKA NEPH, AKA RAY RAY,
DONTRELL BRIGGS, AKA BUSTER, AKA BUS,
RAHEEM STEWART, AKA RUGER, AKA BORN-
RU, RAHJOHN LEARY, AKA RAJOHN LEARY,
AKA RAJI, ALTERRELL WILLIAMS, AKA T-
BURN, DESHAWN STEWART, AKA TONY RED,
AKA FLIP, LARRY LASHAWN THOMAS, JR.,
ARRAHMAN ROBINSON,

*Defendants*,

LARRY GREEN, AKA MAFIA, AKA MAF,

*Defendant-Appellant*.

| | |
|---|---|
| For Appellee: | Micah F. Fergenson, Karl Metzner, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | Larry Green, *pro se*, White Deer, PA. |

Appeal from the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 12, 2020, and the February 22, 2021, orders of the district court are **AFFIRMED**.

On March 17, 2016, Larry Green pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On March 23, 2017, the district court sentenced Green primarily to a prison term of 264 months and 8 years of supervised release. On October 1, 2020, Green moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute, arguing that his recent Type 1 diabetes diagnosis in the context of the COVID-19 pandemic constituted an extraordinary and compelling reason for release. The district court denied his motion, finding that Green's diabetes did not establish an extraordinary and compelling reason for a sentence reduction and that the 18 U.S.C. § 3553(a) sentencing factors weighed against release. Green filed a motion for reconsideration, arguing that he had been diagnosed with Type 2—as opposed to Type 1—diabetes, and that this more severe medical condition constituted extraordinary and compelling circumstances warranting a sentence reduction. He also argued that a recent COVID-19 outbreak throughout the Bureau of Prisons increased his risk of contracting COVID-19 at FCI Allenwood. The district court denied Green's motion for sentence reduction because: (1) accepting Green's Type 2 diabetes diagnosis and increased risk due to an outbreak as true, those factors did not constitute an extraordinary and compelling circumstance; and (2) even if they did, a sentence reduction was not warranted in any case in light of the § 3553(a) factors. Green now appeals, arguing that the district court: (1) improperly relied on U.S.S.G. § 1B1.13 in determining that Green had not presented extraordinary and compelling circumstances; and (2) abused its discretion in determining that a sentence reduction was not warranted in light of the § 3553(a) factors. Because we conclude that the district court acted within its discretion in denying Green's motion based on the § 3553(a) factors, we need not, and do not, address his first argument as to whether Green demonstrated extraordinary and compelling circumstances. We assume the parties' familiarity with the record.

We review a denial of a motion for sentence reduction based on the § 3553(a) factors for abuse of discretion. *United States v. Keitt*, 21 F.4th 67, 71–72 (2d Cir. 2021). "[A] court may reduce a sentence under § 3582(c)(1)(A) only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons." *Id.* at 73. Accordingly, "if a district court determines that one of those conditions is lacking, it need not address the remaining ones." *Id.*; *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). We review the denial of a motion for reconsideration for abuse of discretion. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The district court did not abuse its discretion in determining that the § 3553(a) factors did not warrant granting Green's motion for sentence reduction. Here, the district court properly considered Green's medical conditions and acknowledged Green's efforts at rehabilitation. Weighed against those factors, the court emphasized that Green had served only approximately 81 months of his 264-month prison sentence, and recounted how, at the sentencing hearing, the court had already granted Green a downward variance from the Sentencing Guidelines range. The court further stated that Green's original prison sentence was appropriate to "protect the public, cement

the deterrent effects of this prosecution, and promote respect for the law, as well as to punish Mr. Green for his serious criminal conduct." *United States v. Green*, No. 13-CR-271-LTS, 2020 WL 6683116, at \*2 (S.D.N.Y. Nov. 12, 2020). The court acted well within its broad discretion in determining that a sentence reduction was not warranted in light of the § 3553(a) factors, particularly given the violent nature of Green's relevant conduct, which included "the premeditated murder" of a rival gang member. *Id.*; *see also Keitt*, 21 F.4th at 73. For the same reasons, the district court did not abuse its discretion in determining that the § 3553(a) factors weighed against a sentence reduction on reconsideration, even assuming that Green had demonstrated extraordinary and compelling reasons under § 3582(c)(1)(A) based on Type 2 diabetes. *See Keitt*, 21 F.4th at 73.

We have considered all of Green's arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4