20-4056-cr
*United States v. Julio Cesar Lopez-Pena*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty-two.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> ALLISON J. NATHAN,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                      20-4056-cr

JULIO CESAR LOPEZ-PENA, AKA JULITO, AKA COMBA,

> *Defendant-Appellant*,

HUGO CAMALLO SANPEDRO, AKA PITO, JAVIER MAURICIO REYES DE LA PAVA, AKA MAURO, AKA GORDO, LEONARDO YEPES MUNOZ,

> *Defendants*.

---

| | |
|---|---|
| For Appellee: | Sarah L. Kushner, David Abramowicz, Assistant United States Attorneys, *for* Damian Williams, United States Attorney, Southern District of New York, New York, NY |
| For Defendant-Appellant: | James M. Branden, Law Office of James M. Branden, Staten Island, NY |

Appeal from an order of the United States District Court for the Southern District of New York (Denny Chin, *Circuit Judge*, sitting by designation).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Julio Cesar Lopez-Pena appeals from a November 04, 2020, Decision and Order of the United States District Court for the Southern District of New York (Denny Chin, *Circuit Judge*, sitting by designation) denying his *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the record.

Section 3582(c)(1)(A), commonly known as the compassionate release statute, allows a court to reduce a defendant's term of imprisonment if the defendant has exhausted his administrative remedies and, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, it finds that . . . extraordinary and compelling reasons warrant such a reduction." We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Keitt*, 21 F.4th 67, 71–72 (2d Cir. 2021). "[A] court may reduce a sentence under § 3582(c)(1)(A) only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons." *Id.* at 73. Accordingly, "if a district court determines that one of those conditions is lacking, it need not address the remaining ones." *Id.*; *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A). . . . [A] district court must also consider the factors set forth in section 3553(a) before granting relief." (internal quotation marks omitted)). "[A] district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (cleaned up).

The district court held that Lopez-Pena had exhausted his administrative rights and that he has a health condition that constitutes an "extraordinary and compelling" reason for granting relief. Neither party challenges these holdings, and therefore we do not review them on appeal. Instead, Lopez-Pena challenges only the third prong of the § 3582(c)(1)(A) analysis—namely, the district court's discretionary determination that a lower sentence is unwarranted.

Lopez-Pena argues first that the district court relied on a clearly erroneous fact when it stated that granting immediate release would result in a sentence reduction of "over 30 years" when in fact there were only 23 years remaining on Lopez-Pena's sentence, according to his current projected release date.[1] We cannot conclude that the district court's statement constitutes clear error. If the district court determined that a reduction other than immediate release was appropriate, it had discretion to impose a reduced sentence. 18 U.S.C. § 3582(c)(1)(a) (authorizing

---

[1] Lopez-Pena filed his opening brief on appeal *pro se*. He then moved for appointment of counsel. We granted his motion, appointed counsel, and granted counsel's motion to file a new opening brief, noting that we would treat Lopez-Pena's original brief as a supplemental brief.

the district court to "reduce the term of imprisonment"). Instead, the district court concluded that no reduction was warranted, even with the potentially erroneous assumption that Lopez-Pena was slated to remain incarcerated for seven years beyond his projected release date. Indeed, the district court recounted that "a sentence of life imprisonment would be wholly appropriate" given Lopez-Pena's conduct, but such a sentence was prohibited by an extradition treaty with Colombia. App'x at 114–15. Further, the district court determined, "[i]n light of the seriousness of [Lopez-Pena's] offense conduct," that granting his motion for sentence reduction would "undermine respect for the law and the need for a just sentence, . . . the [540-month prison] sentence [the court] imposed would lose much of its deterrent effect[, . . . and it could not conclude that] [Lopez-]Pena no longer presents a threat to the public." App'x at 115. Accordingly, we see no basis for disturbing the district court's conclusion that a sentence reduction was not warranted in the circumstances presented here. *See Keitt*, 21 F.4th at 73.

Finally, Lopez-Pena asserts that the district court erred in weighing the § 3553(a) factors, and failed to account for Lopez-Pena's positive record while incarcerated in concluding that a reduced sentence of 187 months would not sufficiently serve the goal of deterrence. We discern no abuse of discretion in the district court's explanation. Lopez-Pena disagrees with the way that the district court weighed the § 3553(a) factors. He does not offer any reason to conclude that the district court "rendered a decision that cannot be located within the range of permissible decisions." *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016) (internal quotation marks omitted); *see also United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) ("[T]he weight given to any single [§ 3553(a)] factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." (internal quotation marks omitted)); *Keitt*, 21 F.4th at 73.

\* \* \*

We have considered Lopez-Pena's remaining arguments, including those raised in his supplemental *pro se* brief, and find them to be without merit. Accordingly, we **AFFIRM** the decision of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of the Court

3