21-13-cr
United States v. Keitt

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2021
No. 21-13-cr

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

JAYVON KEITT, AKA SEALED DEFENDANT 1,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of New York.
No. 1:20-cr-00066-AT-1 — Analisa Torres, *Judge.*

ARGUED: NOVEMBER 30, 2021
DECIDED: DECEMBER 22, 2021

Before: PARK, NARDINI, and MENASHI, *Circuit Judges.*

Defendant Jayvon Keitt moved to reduce his 60-month sentence to time served under 18 U.S.C. § 3582(c)(1)(A). The United States District Court for the Southern District of New York (Torres, *J.*)

denied Keitt's motion, relying on the applicable factors listed in 18 U.S.C. § 3553(a), including the seriousness of Keitt's offense, the harm it had caused his community, and the need to avoid unwarranted sentencing disparities among similarly situated criminal defendants. We **AFFIRM**, and hold that when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.

ADAM S. HOBSON, (David Abramowicz, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

MATTHEW J. GALLUZZO, Law Office of Matthew Galluzzo PLLC, New York, NY, *for Defendant-Appellant*.

PER CURIAM:

Defendant Jayvon Keitt moved to reduce his 60-month sentence to time served under 18 U.S.C. § 3582(c)(1)(A), commonly referred to as the compassionate release statute. In considering Keitt's motion, the district court recognized the health challenges he might face from the COVID-19 pandemic while incarcerated. Without

expressing any view as to whether these circumstances might rise to the level of "extraordinary and compelling reasons" that might otherwise make him eligible for a sentence reduction, the court denied Keitt's motion based on the factors laid out in 18 U.S.C. § 3553(a). The court declined to reduce Keitt's sentence in light of the seriousness of his offense, the harm it had caused his community, and the need to prevent unwarranted sentencing disparities among similarly situated criminal defendants—particularly because he had received the minimum prison term provided by statute.

We recently held in *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021), that a finding of extraordinary and compelling reasons is necessary, but not sufficient, to *grant* a defendant's motion for compassionate release. Consistent with *Jones*, and with the decisions of our sister Circuits, we today make clear that when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine

3

whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction. Applying that principle here, we **AFFIRM**.

## I. BACKGROUND

On May 2, 2019, Keitt was arrested on a criminal complaint, filed in the United States District Court for the Southern District of New York, charging him with one count of conspiring to distribute and possess with intent to distribute at least 280 grams of crack cocaine base and at least 40 grams of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846. On January 24, 2020, pursuant to a written plea agreement, Keitt pled guilty to a one-count information charging him with conspiring to distribute and possess with intent to distribute 28 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Keitt and the Government stipulated that 70 to 87 months of imprisonment was the properly calculated advisory range under the U.S. Sentencing

Guidelines. Under § 841(b)(1)(B), the mandatory minimum term of imprisonment was 60 months.

On August 6, 2020, the district court (Annalisa Torres, *J.*) sentenced Keitt to a below-Guidelines sentence of 60 months in prison. The district court acknowledged the seriousness of Keitt's crime and his extensive criminal history, including his regular sale of large quantities of dangerous drugs over an extended period. But given all the circumstances—namely, Keitt's young age, difficult upbringing, history of asthma, gall bladder infection, and detention during the COVID-19 pandemic—the district court concluded at sentencing that a downward variance to 60 months was appropriate.

Keitt did not appeal his sentence, and understandably so: he had received the lowest prison term authorized by his statute of conviction. Instead, three days later, on August 9, 2020, he submitted a request for compassionate release to the Federal Bureau of Prisons (the "BOP"). While awaiting a response from prison authorities, on

5

December 2, 2020—less than four months after the sentence was imposed[1]—Keitt filed a motion in the district court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A). Keitt argued that due to his asthma, he faced a heightened risk of serious illness if he contracted COVID-19, and thus extraordinary and compelling reasons justified his release. He also argued that the "BOP's restrictions to curb the spread of the coronavirus have led to harsh lockdowns, restrictions on movement between jails, and have all but eliminated educational and other program[m]ing opportunities," making his ability to participate in drug treatment programs uncertain. Joint App'x at 105–06.

On December 17, 2020, the district court denied Keitt's motion. After considering the applicable factors listed in § 3553(a), the district

---

[1] Keitt qualified for statutory credit for the time he spent in detention from the time of his arrest on May 2, 2019, up until his sentencing on August 6, 2020. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.").

6

court concluded that a reduction in Keitt's sentence was not justified. The district court explained that the defendant had sold a large amount of dangerous drugs, and that he did so as a gang member. The seriousness of his crime, and the harm it had caused the community, pointed to the need for a substantial sentence to promote respect for the law and to provide just punishment. The court observed that Keitt's early release—after he had served only about one-third of his prison term—would undermine those interests. The court also explained that because Keitt's five-year sentence was mandated by statute, granting his request for release "would risk creating a substantial and unwarranted sentencing disparity between Keitt and other defendants convicted of the same offense under similar circumstances." *Id.* at 119. And while the district court acknowledged Keitt's asthma and the severe effects that COVID-19 can have even for young and healthy people, it did not make any finding as to whether those health risks constituted "extraordinary

7

and compelling circumstances." Instead, it relied only on the § 3553(a) factors to deny Keitt's motion.

On appeal, Keitt raises two arguments. First, he contends that the district court erred in failing to conclude that extraordinary and compelling circumstances justified his release—namely, that his preexisting health condition of asthma exposes him to potentially serious consequences from being incarcerated during the COVID-19 pandemic, and that the district court failed to consider the dangers existing at his particular prison. Second, Keitt argues that the district court "failed to consider several relevant factors set forth in 18 U.S.C. § 3553(a)." Appellant Br. at 13. As explained below, neither argument has merit.

## II. DISCUSSION

Section 3582(c)(1)(A) authorizes a court to reduce a previously imposed term of imprisonment upon finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.

§ 3582(c)(1)(A)(i). A court deciding a compassionate release motion can consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it]." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). But there are three requirements that must be satisfied before a court can grant such relief. First, absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities. Specifically, an inmate may ask the sentencing court to consider reducing a sentence only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Saladino*, 7 F.4th 120, 124 (2d Cir. 2021) (holding that the government may waive or forfeit the exhaustion requirement). Second, a court must "consider[] the factors

9

set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."

18 U.S.C. § 3582(c)(1)(A); *see Jones*, 17 F.4th at 374–75. Section 3553(a), in turn, lists numerous factors a court must review when imposing a sentence. These include, as most relevant here, "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "the need for the sentence imposed . . . to provide the defendant with . . . correctional treatment in the most effective manner"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Third, the inmate must demonstrate that his proffered circumstances are indeed "extraordinary and compelling" such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence

previously imposed.[2]

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Saladino*, 7 F.4th at 122 (emphasis omitted) (quoting *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016)).

The district court did not abuse its discretion when it declined to reduce Keitt's sentence under 18 U.S.C. § 3582(c)(1)(A). First, contrary to Keitt's assertion, the district court recognized the health challenges stemming from his particular circumstances. The court

---

[2] The statute sets out a fourth requirement: that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). We have held that, at present, the policy statement governing compassionate release—U.S.S.G. § 1B1.13— governs only motions brought by the Director of the Bureau of Prisons, not those brought directly by inmates. *See Brooker*, 976 F.3d at 236–37.

noted that Keitt was "twenty-one years old" and "ha[d] a history of childhood asthma," and acknowledged that it "d[id] not disregard Keitt's asthmatic condition, or the risk he might face should he contract COVID-19." Joint App'x at 116, 119. It went on to note that although Keitt's "young age and the apparently mild nature of his asthma may place him outside of the most acutely vulnerable group . . . the novel coronavirus can have devastating effects on even young and healthy individuals." *Id.* at 119. The record therefore belies any suggestion that the district court failed to take account of Keitt's personal circumstances.[3]

---

[3] Contrary to Keitt's argument, the district court was not required to consider the specific conditions of confinement at FCI Schuylkill, Keitt's designated place of incarceration. Keitt, who was still housed at the Brooklyn Metropolitan Detention Center when he filed his motion, did not provide the district court with any information concerning the conditions of confinement at FCI Schuylkill. Rather, he argued in general terms that the BOP is ill-equipped to care for inmates like Keitt whose health conditions put them at particular risk for COVID-19. The district court did not abuse its discretion by not considering facts or arguments that Keitt failed to present, and the record does not reflect any new confinement conditions at FCI Schuylkill that would require reversal of the district court's decision.

Second, the district court did not abuse its discretion in concluding that, in light of the applicable § 3553(a) factors, it would not reduce Keitt's sentence. The court noted that Keitt had sold a large quantity of dangerous drugs over an extended period as part of his membership in a gang, and it determined that the nature and circumstances of the offense required "a substantial sentence . . . to promote respect for the law and to provide just punishment." *Id.* at 118. The court also noted that Keitt's 60-month sentence had resulted from a mandatory minimum set by statute. As a result, reducing his sentence could have created an unwarranted sentencing disparity between Keitt and similar defendants convicted of the same offense— and Congress expressly instructed courts to consider the need to avoid such a disparity, 18 U.S.C. § 3553(a)(6). We see no abuse of discretion in the district court's careful review of the relevant § 3553(a) factors and its conclusion that they militate against a sentence reduction here. *See United States v. Verkhoglyad*, 516 F.3d 122,

131 (2d Cir. 2008) ("[T]he weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge . . . ." (cleaned up)).

We also reject Keitt's argument that the district court failed to consider, as part of its § 3553(a) analysis, the effect of COVID-19-related lockdowns on the rehabilitative services offered by the BOP. At sentencing—just months before deciding his motion for compassionate release—the court stated that it "fully recognize[d] and consider[ed] the conditions" stemming from the COVID-19 pandemic that Keitt "experienced in jail while awaiting sentencing and will experience in person while in prison postsentencing." Joint App'x at 96. The record therefore demonstrates that the district court was well aware of these lockdowns and had already accounted for them when it imposed Keitt's below-Guidelines sentence of 60 months. Indeed, it would have been most unusual if the district court's analysis of the § 3553(a) factors had been markedly different

14

after such a short period of time. Moreover, we cannot fault the district court for failing to recite all of the facts that Keitt had discussed in his motion. We have never required a district court to "address every argument the defendant has made or discuss every § 3553(a) factor individually." *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020) (quoting *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007)).

Finally, it is true that in deciding Keitt's motion for compassionate release, the court did not determine whether his proffered circumstances rose to the level of extraordinary and compelling reasons. Instead, it denied relief solely in light of the § 3553(a) factors. That was not an error. As we explained above, a court may reduce a sentence under § 3582(c)(1)(A) only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons. It follows that if a district

15

court determines that one of those conditions is lacking, it need not address the remaining ones. *See Jones*, 17 F.4th at 374 ("[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)."). We therefore hold that when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.[4] The

_____

[4] In reaching this conclusion, we join our sister Circuits that have similarly held that a district court may rely solely on the § 3553(a) factors when denying a defendant's motion for compassionate release. *See, e.g., United States v. Saccoccia*, 10 F.4th 1, 8 (1st Cir. 2021) (affirming the denial of compassionate release without deciding whether there were extraordinary and compelling reasons for a sentence reduction); *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry[—regarding whether extraordinary and compelling reasons warrant a sentence reduction and accounting for the § 3553(a) factors—]before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."); *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (agreeing with the Sixth

district court therefore did not abuse its discretion in denying Keitt's motion to reduce his sentence.

## III. CONCLUSION

To summarize, we hold as follows:

(1) When a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.

(2) The district court did not abuse its discretion in declining to reduce the defendant's sentence in light of the applicable § 3553(a) factors in the case.

---

Circuit's holding that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" (quoting *Elias*, 984 F.3d at 519)); *United States v. Tinker*, 14 F.4th 1234, 1240 (11th Cir. 2021) ("[A] district court doesn't procedurally err when it denies a request for compassionate release based on the § 3553(a) sentencing factors . . . without first explicitly determining whether the defendant could present 'extraordinary and compelling reasons.'").

For the foregoing reasons, we **AFFIRM** the district court's order denying Keitt's motion for compassionate release.