20-1900(L)
United States of America v. Jerome M. Bell

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of February, two thousand twenty-two.

Present:        ROSEMARY S. POOLER,
                ROBERT D. SACK,
                MYRNA PÉREZ,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                v.                                                      20-1900(L);
                                                                       20-1901(con)

JEROME M. BELL, a/k/a LITTLE BLEEK,

                        *Defendant-Appellant*.[1]

_____

Appearing for Appellant:        Stuart J. LaRose, Syracuse, N.Y.

Appearing for Appellee:        Carina H. Schoenberger, Assistant United States Attorney (Nicolas Commandeur, Assistant United States Attorney, *on the brief*), *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

_____

[1] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Jerome M. Bell appeals from the May 26, 2020 denial of his motion for compassionate release by the United States District Court for the Northern District of New York (Suddaby, *C.J.*) and the June 5, 2020 denial of his motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's denial of a Section 3582(c)(1)(A) motion for abuse of discretion. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (citation omitted). A district court may reduce a sentence upon a defendant's motion "if it finds that . . . extraordinary and compelling reasons warrant such a reduction," and "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

The district court acted well within the bounds of its discretion in denying Bell's motion for compassionate release. Bell primarily argues that the district court committed legal error by failing to consider the Section 3553(a) factors in making its decision. However, given that the district court found no "extraordinary and compelling reasons" for compassionate release, it was not required to proceed with a Section 3553 analysis. *See Keitt*, 21 F.4th at 73 ("[A] court may reduce a sentence under § 3582(c)(1)(A) only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons. It follows that if a district court determines that one of those conditions is lacking, it need not address the remaining ones."). For the same reasons, Bell's complaint that the district court failed to undertake a particularized analysis of the COVID-19 dangers at the facility where he is imprisoned also fails. A court deciding a compassionate release motion can consider "the full slate of extraordinary and compelling reaons that an imprisoned person might bring before it," *Brooker*, 976 F.3d at 237, but "[w] have never required a district court to address every argument" made in support of the motion. *Keitt*, 21 F.4th at 72 (internal quotation marks omitted).

To the extent Bell is challenging the district court's finding that he did not have a serious medical condition, that finding rested well within the district court's discretion. The records Bell submitted to support his various claims of ailments were sparse. Given that, the district court's finding that Bell's complaints of asthma and a heart murmur did not fall within the Centers for Disease Control and Prevention's parameters for being at increased risk for serious COVID-19 is not clearly erroneous.

We have considered the remainder of Bell's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2