United States v. Elgabrowny (Saleh)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-two.

PRESENT:
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                          20-2254

IBRAHIM A. ELGABROWNY, SIDDIG IBRAHIM SIDDIG ALI, CLEMENT RODNEY HAMPTON-EL, AKA ABDUL RASHID ABDULLAH, AKA DOCTOR RASHID, AMIR ABDELGANI, AKA ABDOU ZAID, FARES KHALLAFALLA, AKA ABODOU FARES, TARIG ELHASSAN, FADIL ABDELGANI, VICTOR ALVAREZ, LNU1-93CR0181-010, EARL GANT, AKA ABD RASHID, AKA ABD JALIL, OMAR AHMAD ALI ABDEL RAHMAN, AKA OMAR AHMED ALI, AKA OMAR ABDEL AL-RAHMAN, AKA SHEIK RAHMAN, AKA SHEIK OMAR, EL SAYYID NOSAIR, AKA ABU ABDALLAH, AKA EL SAYYID ABDUL AZIZ, AKA VICTOR NOEL JAFRY, ABDO

MOHAMMED HAGGAG, AKA ABDEL AL-
RAHMAN, MOHAMMED ABOUHALIMA,

*Defendants*,

MOHAMMED SALEH, AKA MOHAMMED ALI,

*Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | Mohammed Saleh, *pro se*, Beaver, WV. |
| For Appellee: | Kyle Wirshba, Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Mohammed Saleh, *pro se*, appeals the district court's denial of his motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Saleh is serving a 35-year sentence for his role in a failed plot to bomb the United Nations building and the Lincoln and Holland Tunnels in 1993. In denying the motion, the district court concluded that Saleh had not established extraordinary and compelling reasons warranting a sentencing reduction and that, even if he had, the sentencing factors listed in 18 U.S.C. § 3553(a) did not support a reduction. We assume the parties' familiarity with the record.

We review a denial of a motion for sentence reduction based on the § 3553(a) factors for abuse of discretion. *United States v. Keitt*, 21 F.4th 67, 71–72 (2d Cir. 2021). "[A] court may reduce a sentence under § 3582(c)(1)(A) only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons." *Id.* at 73. Accordingly, "if a district court determines that one of those conditions is lacking, it need not address the remaining ones." *Id.*; *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A). . . . [A] district court must also consider the factors set forth in section 3553(a) before granting relief." (internal quotation marks omitted)).

2

The district court did not abuse its discretion in determining that, even assuming the existence of extraordinary and compelling reasons, the § 3553(a) factors did not warrant granting Saleh's motion for sentence reduction. The district court considered Saleh's age, medical conditions, family circumstances, conduct while incarcerated, time served, and risk of serious illness from COVID-19, and reasonably concluded that those circumstances were outweighed by other factors, especially the seriousness of the offense. The district court emphasized that Saleh had "joined a terrorist conspiracy whose objective was the indiscriminate killing of Americans in the name of jihad," and aided that conspiracy by "provid[ing] [diesel] fuel to his co-conspirators as part of a terrorism plot to bomb bridges and tunnels in New York City." *United States v. Saleh*, No. 93CR181, 2020 WL 3839626, at *5 (S.D.N.Y. July 8, 2020). We see no basis for disturbing the district court's conclusion that a sentence reduction was not warranted in the circumstances presented here, "especially given the severity of [Saleh's] criminal conduct." *Id.*; *see Keitt*, 21 F.4th at 73.[1]

We have considered all of Saleh's other arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the district court's order denying Saleh's motion for sentence reduction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Saleh also argues that the district court abused its discretion in denying his motion under Federal Rule of Civil Procedure 60(b). Because a prior panel of this Court dismissed as frivolous his appeal of the Rule 60(b) denial, that issue is not a subject of this appeal.