21-1047-cr
United States v. Datello

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-two.

PRESENT:  ROSEMARY S. POOLER,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
               *Circuit Judges.*
------------------------------------------------------------------
UNITED STATES OF AMERICA,

          *Appellee,*

     v.                                          No. 21-1047-cr

JOSEPH DATELLO, AKA BIG JOE, AKA JOEY GLASSES,

          *Defendant-Appellant.**
------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT: THEODORE S. GREEN, Green & Willstatter, White Plains, NY

FOR APPELLEE: JACQUELINE C. KELLY, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Joseph Datello appeals from an April 19, 2021 order of the United States District Court for the Southern District of New York (Seibel, J.) denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In 2019 the District Court sentenced Datello to 168 months' imprisonment on his conviction for racketeering conspiracy. Datello first moved for compassionate release on July 14, 2020. The District Court denied the motion without prejudice after concluding that it needed more information about Datello's health status.

Datello twice renewed his motion, and on April 19, 2021, the District Court denied the motion on the basis that a sentence reduction would be inconsistent with the objectives set forth in 18 U.S.C. § 3553(a).  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Under the relevant compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Even if "extraordinary and compelling" circumstances exist, however, the court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable" before it can reduce the defendant's sentence.  Id. § 3582(c)(1)(A).  We review a district court's denial of a motion for compassionate release for abuse of discretion.  See United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021).  "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3)

3

rendered a decision that cannot be located within the range of permissible decisions." Id. (quotation marks omitted).

Datello contends that the District Court clearly erred in its assessment of whether the Bureau of Prisons ("BOP") can provide adequate care and whether his proposed release plan was sufficient to meet his medical needs. We disagree. First, the District Court reasonably relied on information provided by the clinical director at the Federal Medical Center in Devens, Massachusetts ("FMC Devens") in concluding that Datello's medical needs were being met there. The District Court also considered Datello's comprehensive medical evaluation, which outlined the gravity of Datello's medical needs and what the proper level of care would look like. It was Datello's burden to show that the BOP's plan was inadequate, see United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992), and he failed to do so. Second, the release plan that Datello presented to the District Court was at best equivocal on whether he would receive professional full-time care if released; even on appeal, Datello argues only that the family understood that such treatment "might" be necessary. Appellant's Br. 15 (emphasis added). The District Court was not required to speculate as to what treatment Datello

would receive upon release. On the record before it, the District Court did not clearly err in concluding that Datello's proposed release plan was insufficient to meet his needs, as compared to the treatment he is receiving at FMC Devens.

Datello also challenges the District Court's balancing of the § 3553(a) factors, including the weight it placed on BOP's ability to adequately care for Datello. The argument is unavailing. The District Court concluded that, although Datello's ailments constituted exceptional and compelling reasons, the § 3553(a) factors counseled against release. In so concluding, it emphasized Datello's history of criminal conduct, the seriousness of his offense, the need for general deterrence, and the risk of introducing unwarranted sentencing disparities. It also concluded that FMC Devens was well-positioned to adequately cover Datello's medical needs, as contemplated by § 3553(a)(1)(D). We see no abuse of discretion in the District Court's consideration of the § 3553(a) factors. See United States v. Capanelli, 479 F.3d 163, 165 (2d Cir. 2007); Keitt, 21 F.4th at 72.

We have considered Datello's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court