21-2319-cr
*United States v. Barnett*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand twenty-three.

PRESENT:     JOSÉ A. CABRANES,
             REENA RAGGI,
             JOSEPH F. BIANCO
                        *Circuit Judges,*

UNITED STATES OF AMERICA,

                      *Appellee,*                                21-2319-cr

              v.

BERNARD BARNETT,

                      *Defendant-Appellant.*

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Bernard Barnett, *pro se*, Beaumont, TX. |
| **FOR APPELLEE:** | Emily A. Johnson, Stephen J. Ritchin, Assistant United States Attorneys, of counsel, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 10, 2021 order of the District Court be and hereby is **AFFIRMED**.

Defendant Bernard Barnett, proceeding *pro se*, appeals the District Court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), commonly termed a "compassionate release" motion. In 1992, Barnett had been sentenced to two concurrent terms of life imprisonment for narcotics offenses committed as a career offender; three concurrent prison terms ranging from 10 to 30 years for narcotics and firearms convictions; and a 5-year consecutive prison term for using and carrying a firearm in relation to drug-trafficking crimes, in violation of 18 U.S.C. § 924(c). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a motion for compassionate release for abuse of discretion. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam). Abuse of discretion occurs where a district court "has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id.* (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court may reduce an individual's prison sentence if three requirements are met: "First, absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities." *Keitt*, 21 F.4th at 71. Second, the district court must consider "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Third, the defendant must demonstrate that "extraordinary and compelling reasons warrant" a sentence reduction. *Id.* § 3582(c)(1)(A)(i). The failure to satisfy any one of these three requirements provides grounds to deny a motion for compassionate release. *See Keitt*, 21 F.4th at 73.

Barnett moved for compassionate release on the basis that his age and health conditions—diabetes, hypertension, glaucoma, cataracts, an enlarged prostate, and a persistent cough—placed him at high risk of severe illness from COVID-19. The District Court denied his motion on the grounds that (1) he had not demonstrated "extraordinary and compelling reasons" warranting release given that he was vaccinated for COVID-19; and that (2) even if his medical conditions had constituted "extraordinary and compelling reasons" warranting a sentence reduction, the § 3553(a) factors militated against such a reduction under the circumstances.

The question presented is whether the District Court abused its discretion in reaching its decision. We conclude that it did not. First, there is no indication that the District Court applied an erroneous view of the law. *See id.* at 71. It properly identified and applied 18 U.S.C. § 3582(c)(1)(A)(i), including a reasoned consideration of the § 3553(a) factors. Next, the District Court's decision was well within the range of permissible ones. *See id.* On multiple occasions, we

2

have concluded that documented medical conditions in the face of COVID-19 do not necessarily constitute "extraordinary and compelling" reasons for release where a defendant is vaccinated. *See, e.g.*, *United States v. Williams*, 2022 WL 17818625, at *1 (2d Cir. Dec. 20, 2022) (summary order); *United States v. Reid*, 2022 WL 17684667, at *1 (2d Cir. Dec. 15, 2022) (summary order); *United States v. Diaz*, 2022 WL 16631169, at *1 (2d Cir. Nov. 2, 2022) (summary order). Lastly, there is no indication that the District Court assessed the evidence in a clearly erroneous fashion. *See Keitt*, 21 F.4th at 71. It did not erroneously identify the conditions Barnett contended were "extraordinary and compelling" reasons warranting release. Nor did it incorrectly observe that Barnett was sentenced as a career offender with a significant history of serious crime, including narcotics and firearms offenses. Accordingly, the District Court did not abuse its discretion when it denied Barnett's motion.

Beyond appealing the denial of his compassionate release motion, Barnett moves, in his reply brief, to summarily vacate the term of supervised release imposed at his sentencing. His motion is procedurally deficient. In October 2006, after warning Barnett about frivolous litigation, we barred him from filing any further motions, petitions, or other papers in this Court without first filing for leave to do so. His motion to vacate is beyond the leave we granted to appeal the denial of his compassionate release motion. Regardless, any challenge to the term of supervised release should have been raised on direct appeal or through a habeas corpus proceeding. *See United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997).

## CONCLUSION

We have reviewed all of the arguments raised by Barnett on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 10, 2021 order of the District Court and **DENY** Barnett's motion to vacate the term of supervised release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court