21-1336-cr
*United States v. Figueroa*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
          MYRNA PÉREZ,
          ALISON J. NATHAN,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA

                    *Appellee,*                    21-1336-cr

          v.

FELIX FIGUEROA,

                    *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**          Felix Figueroa, *pro se*, Bradford, PA.

**FOR APPELLEE:**                     Charles M. Kruly, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 5, 2021 decision and order of the District Court be and hereby is **AFFIRMED**.

Following Defendant-Appellant Felix Figueroa's plea of guilty, the District Court adjudicated him guilty of "possession with intent to distribute, and to distribute, 40 grams or more of fentanyl" in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and sentenced him to 96 months' imprisonment to be followed by four years' supervised release. Gov't App'x at 34–36 (capitalization normalized). On March 11, 2021, Figueroa, proceeding *pro se*, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) seeking to "reduce [his] sentence to time served," conditioned on an increase in his period of supervised release equal to "the amount of time to be excised from [his] sentence of incarceration." Gov't App'x at 41. By written order dated May 5, 2021, the District Court denied Figueroa's motion because, "even if [Figueroa] could establish that extraordinary and compelling reasons favor a sentence reduction," those reasons "do not outweigh the factors set forth in [18 U.S.C. § 3553(a)] that support his sentence." Gov't App'x at 120.

We review the denial of a motion for compassionate release for "abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

 A district court may grant a motion under 18 U.S.C. § 3582(c)(1)(A) only if (1) the inmate has exhausted administrative remedies, (2) the district court has considered the § 3553(a) factors, and (3) the inmate has demonstrated "extraordinary and compelling reasons" justifying a sentence reduction. *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam). Because each prerequisite is necessary to granting the requested relief, a district court may "den[y] relief solely in light of the § 3553(a) factors." *Id.*[1]

The District Court did not "abuse its discretion" in denying Figueroa's motion based on the § 3553(a) factors. In its consideration of those factors, the District Court noted that Figueroa "pled guilty to a very serious charge," had a "significant criminal record and, at the time of the offense, . . . was on parole supervision for a weapons offense," and (at the time of his motion) still had over three years—more than half—of his sentence to be served. Gov't App'x at 123. The District Court then concluded that, based on its balancing of the factors, "[a] reduction of

---

[1] We need not address Figueroa's argument that the District Court "misstated the relief that [he] sought." Figueroa Br. at 15. No matter whether Figueroa sought only a reduced term of imprisonment, a reduced term of imprisonment to be offset by an increased term of supervised relief, or both, the District Court still had to consider the § 3553(a) factors in determining whether a sentence reduction was warranted. As explained below, the District Court did not abuse its discretion when it determined that those factors did not support a sentence reduction here.

[Figueroa's] sentence in these circumstances would undermine the need for his sentence 'to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id.* (quoting 18 U.S.C. § 3553(2)(A)–(B), (6)).

Based on the District Court's reasoned analysis, we conclude that it did not abuse its discretion in denying Figueroa's motion for compassionate release based on its assessment of the § 3553(a) factors. *See Keitt*, 21 F.4th at 73.[2]

## CONCLUSION

Having reviewed all of the remaining arguments raised by Figueroa on appeal and finding them to be without merit, we **AFFIRM** the May 5, 2021 decision and order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Figueroa contends that the District Court committed reversible error by stating that he "is currently incarcerated at FCI McKean, a medium-security federal correctional institution in Pennsylvania." Gov't App'x at 119. We do not agree. Although, according to Figueroa, he is currently incarcerated in a minimum-security camp annexed to FCI McKean, the fact remains that (1) FCI McKean is classified as a medium-security federal correctional institution and (2) Figueroa is incarcerated there, albeit at an annexed minimum-security camp. Moreover, Figueroa's security status does not appear to have affected the District Court's balancing of the § 3553 factors.