*United States v. Garcia*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-three.

PRESENT:    Amalya L. Kearse,
            Dennis Jacobs,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

  v.                                                          No. 22-614

WALTER GARCIA, also known as Campi Lnu,

     *Defendant-Appellant.*

_____

*For Appellee*:                               DANIELLA KUDLA, Assistant United States Attorney (Danielle R. Sassoon, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

*For Defendant-Appellant*:          AVROM ROBIN, Law Offices of London & Robin, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court is **AFFIRMED.**

Defendant-Appellant Walter Garcia appeals the district court's denial of his third motion for a sentence reduction. We presume the parties' familiarity with the facts and procedural history.

In 2012, a jury convicted Garcia of kidnapping, kidnapping conspiracy, and conspiracy to distribute five kilograms of cocaine. Garcia was sentenced to 280 months of incarceration, five years of supervised release, and a special assessment. Since then, he has moved for a sentence reduction three times. Garcia's first motion was filed pursuant to 18 U.S.C. § 3582(c)(2); the district court denied the motion because Garcia had not shown that an amendment to the Sentencing Guidelines, had it been in effect at the time of his sentencing, would have resulted in a lower Guidelines calculation. Garcia's second motion was brought under 18 U.S.C. § 3582(c)(1)(A); Garcia argued that the pandemic, in conjunction with his age and

2

health condition, presented extraordinary circumstances warranting a reduced sentence. The district court agreed and granted the second motion after consulting the 18 U.S.C. § 3553(a) factors and noting that "the sentence Garcia is now serving looks materially different from the sentence the Court envisioned." App'x 99. The district court reduced Garcia's sentence by forty months.

This appeal concerns Garcia's third motion for a sentence reduction, which he filed in March 2022. Like the first motion, the third motion was made pursuant to § 3582(c)(2). In the third motion, Garcia identified no facts that explained why § 3553(a) warranted a reduction in sentence as § 3582(c)(2) requires. The district court denied the third motion, noting that Garcia presented no new facts. But in so doing, the district court evaluated the third motion under § 3582(c)(1)(A), not § 3582(c)(2). Presumably the district court did that because Garcia proceeded *pro se* and the argument raised in his first motion—brought pursuant to § 3582(c)(2)— had been rejected.

On appeal, Garcia concedes that he was mistaken to file the third motion pursuant to § 3582(c)(2) and that the district court was correct to evaluate it under § 3582(c)(1)(A). The question, then, is whether the district court erred when it denied the motion under § 3582(c)(1)(A).

We think it did not. "We review the denial of a motion for compassionate release for abuse of discretion and underlying matters of statutory interpretation *de novo*." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). Section 3582(c)(1)(A) requires the district court to "consider[] the factors set forth in section 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A). We have recently said that a district court may deny a § 3582(c)(1)(A) motion based solely on its evaluation of the § 3553(a) factors. *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) ("[The district court] denied relief solely in light of the § 3553(a) factors. That was not an error.").

Here, the district court observed that Garcia's third motion "d[id] not raise … either any new information or any additional arguments that would change the Court's analysis" from when it ruled on the second motion. App'x 121. The district court therefore "incorporated by reference" its opinion and order resolving the second motion into the order resolving the third motion. App'x 121. The opinion resolving the second motion explicitly evaluated the § 3553(a) factors. In effect, then, the district court denied Garcia's third motion "in sole reliance on the applicable § 3553(a) factors," which is not an abuse of discretion. *Keitt*, 21 F.4th at 73. On appeal, Garcia identifies no new information that would lead us to conclude that the district court's evaluation of the § 3553(a) factors was an abuse of discretion.

\* \* \*

We have considered Garcia's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4