*United States v. McLean*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-three.

PRESENT:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

United States of America,

*Appellee,*

v.

Lenroy McLean, AKA Dean, Milton Samuels, AKA Scooby,

*Defendants-Appellants,*

Roberto Sanchez, Gabrielle Cohen-Sanchez, Wayne Mauricio Burke, AKA Enrique Nunes Arce, AKA Mauricio, Joseph Rivera, Robert Calcano, AKA Ralph,

*Defendants.*

_____

22-966(L),
22-1176(CON),[*]
22-1180(CON)

_____

[*] 22-1176 (Con) and 22-1180 (Con) were determined by order filed on October 13, 2022.

**FOR APPELLEE:**                                    Michael D. Lockard and Stephen J. Ritchin, and Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**                          Lenroy McLean, pro se, Seagoville, TX.

Appeal from an order of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Pro se Appellant Lenroy McLean appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for a sentence reduction. McLean is currently serving a 228-month sentence for participating in a narcotics conspiracy that resulted in the distribution of over 150 kilograms of cocaine. *See United States v. Sanchez*, 419 F. App'x 27 (2d Cir. 2011) (discussing the background of the case on direct appeal). In his motion, McLean argued that his health conditions, the COVID-19 pandemic, his rehabilitation, his post-release plan, and the time he has already served warranted a sentence reduction. The district court denied his motion, reasoning that the severity of his offense, and the need for the sentence imposed to reflect that severity and provide a deterrent effect, outweighed the factors that might otherwise support a reduction. *See United States v. McLean*, No. 08-CR-789-7, 2022 WL 1125946, at *5–6 (S.D.N.Y. Apr. 15, 2022). McLean now appeals,

claiming that the district court abused its discretion in denying his motion. He contends that the district court incorrectly applied the § 3553(a) sentencing factors, failed to adequately consider his rehabilitation, family, and immigration status, and improperly considered his failure to accept responsibility or express remorse. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

We review a denial of compassionate release for abuse of discretion. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id.* The district court's discretion here is "broad," as it is in "all sentencing matters." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

A motion under § 3582(c)(1)(A) must demonstrate both extraordinary and compelling reasons justifying release and that a sentence reduction is consistent with the sentencing factors set forth in § 3553(a), so a district court may deny a motion based solely on the latter without reaching the former. *See Keitt*, 21 F.4th at 73. The sentencing factors include, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," to deter criminal conduct, and "to protect the public from further crimes";

3

and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (2), (6).

Here, the district court acted well within its broad discretion in denying McLean's motion. The district court appropriately considered the nature of the offense and the need for the sentence to reflect the seriousness of the offense and to promote respect for the law. McLean and his co-defendants engaged in a conspiracy to traffic "massive quantities of . . . a deadly and destructive drug," and he received a below-Guidelines sentence. *McLean*, 2022 WL 1125946, at *6. The district court's conclusion that its sentence was appropriate was not a determination that "cannot be located within the range of permissible decisions." *See Keitt*, 21 F.4th at 71.

McLean argues that the district court relied solely on the denial of the motion for compassionate release by his co-defendant Roberto Sanchez and did not adequately consider McLean's rehabilitation, family situation, the certainty of deportation, and his decreased propensity for violence. But as we have explained, we presume that the district court has considered all relevant § 3553(a) factors and arguments "unless the record suggests otherwise." *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022). Here, the record affirmatively demonstrates that the district court carefully considered the § 3553(a) factors and McLean's arguments and directly addressed the particulars of his case, referring to Sanchez only to note that the factors bearing on this case were similar to those that had led the court to deny a similar previous application by Sanchez. We identify no error in that approach.

We have considered McLean's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court