CLD-182                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1988
_____

UNITED STATES OF AMERICA

v.

RICHARD BALTER,
                                     Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-93-cr-00536-001)
District Judge:  Honorable Robert B. Kugler

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 12, 2024

Before: KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: September 24, 2024)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Richard Balter appeals the District Court's order denying his motion for compassionate release. The Government moves for summary affirmance. We conclude that the appeal presents no substantial question, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, so we grant the Government's motion and will summarily affirm the District Court's judgment.

In September 1994, the District Court for the District of New Jersey sentenced Balter to life in prison for orchestrating a murder-for-hire plot which resulted in the cold-blooded killing of a business associate, as well as three counts of mail fraud. See generally United States v. Balter, 91 F.3d 427, 432 (3d Cir. 1996); **see also Op. Denying 3d Mot. for Compassionate Release, ECF No. 155 at 1-2.** His conviction and sentence were upheld on appeal. Id. at 443.

Since that time, Balter has filed three motions for compassionate release based on his progressively worsening health, as well as several letters speaking to his purported rehabilitation. **Op. Denying 3d Mot. for Compassionate Release, ECF No. 155 at 4.** On May 10, 2024, the District Court entered an order denying his third motion for compassionate release on the grounds that the sentencing factors contained in 18 U.S.C. § 3553(a) necessitated his continued imprisonment due to the seriousness of his offenses. **Ord., ECF No. 156.** The Court also denied Balter's motion to appoint counsel. **Id.** Balter appealed both decisions, and the government filed a timely motion to summarily affirm the District Court's judgment. **Not. of App., 3d Cir. ECF No. 1.**

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb the decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We also review an order denying a motion for appointment of counsel for abuse of discretion. See generally Tabron v. Grace, 6 F.3d 147, 153, 155 n.4 (3d Cir. 1993).

A district court has discretion to "reduce [a federal inmate's] term of imprisonment" if it concludes that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the sentencing factors provided in 18 U.S.C. § 3553(a) "to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant." § 3553(a)(2)(A)-(C).

The District Court did not make a clear error of judgment when it concluded that, even if Balter had shown extraordinary and compelling circumstances as required by § 3582(c)(1)(A)(i),[1] the sentencing factors under § 3553(a) did not weigh in favor of

---

[1] On appeal, Balter argues that the Court erred by failing to consider his argument that the change in law wrought by United States v. Booker, 543 U.S. 220 (2005), constitutes an

release. In considering the "nature and circumstances" of the crime, see 18 U.S.C. § 3553(a)(1), the District Court's decision emphasized that Balter was the lead conspirator behind a "heinous" and avaricious murder-for-hire plot to kill a business associate to secure a $600,000 payout from the associate's life insurance. **ECF No. 155 at 9.** The Court also noted that Balter attempted to obstruct the police investigation after the murder was completed. **Id.** After considering the circumstances and seriousness of the crime, the Court further concluded that Balter's sentence of life in prison amounted to a just punishment, was necessary to promote respect for the law, and sent the proper message about how the justice system will respond to crimes of this nature. **Id. (citing 18 U.S.C. § 3553(a)(2)(A) & (B)).** This assessment of the § 3553(a) factors was reasonable, and the District Court did not abuse its discretion in denying Balter's motion for compassionate release and motion for appointment of counsel.

---

"extraordinary and compelling reason" under U.S.S.G. § 1B1.13(b)(6). **ECF No. 14.** He has also requested a stay pending this Court's resolution of United States v. Rutherford, C.A. No. 23-1904, which presents a related question. However, even if extraordinary and compelling reasons are presented, a District Court still has discretion to deny compassionate release based on its consideration of the factors provided in 18 U.S.C. § 3553(a). See United States v. Keitt, 21 F.4th 67, 73 n.4 (2d Cir. 2021) (per curiam) (holding that a district court may deny a motion for compassionate release based solely on the factors contained in § 3553(a)); see also United States v. Saccoccia, 10 F.4th 1, 8 (1st Cir. 2021) (affirming the denial of compassionate release without deciding whether there were extraordinary and compelling reasons for a sentence reduction). Given the District Court's thorough consideration of the factors enumerated in § 3553(a), we cannot say that it abused its discretion in denying Balter's motion on that basis.

Accordingly, the Government's motion to summarily affirm is granted and we will affirm the District Court's judgment. Appellant's motion to hold the appeal c.a.v. is denied.