21-1259-cr
United States v. Valencia (Montoya Guzman)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand twenty-two.

PRESENT:
>REENA RAGGI,
>RICHARD C. WESLEY,
>WILLIAM J. NARDINI,
>>*Circuit Judges.*

---

United States of America,

>*Appellee*,

>v.                                                                                        21-1259

Hernando Estevens Montoya Guzman,

>*Defendant-Appellant*,

Juan Guillermo Valencia, AKA Juan Guillermo Valencia Osorio, Orlando Agudelo, Ruben Dario Ocampo Alvarez, Gonzalo Enrique Boyero Saenz,

>*Defendants*.

---

FOR DEFENDANT-APPELLANT:             Hernando Estevens Montoya Guzman, *pro se*, Joint Base MDL, NJ

FOR APPELLEE:                                    Andrew J. DeFilippis, David Abramowicz,
                                                 Assistant United States Attorneys, *for*
                                                 Damian Williams, United States Attorney
                                                 for the Southern District of New York, New
                                                 York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 28, 2021 order of the district court is **AFFIRMED**.

In 2017, Hernando Estevens Montoya Guzman ("Montoya") pleaded guilty to narcotics conspiracy and was sentenced to 151 months' imprisonment. In July 2020, he moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on a heightened risk of serious illness in light of the COVID-19 pandemic and several health conditions. The district court denied the motion, reasoning that the 18 U.S.C. § 3553(a) factors weighed against release. Montoya appeals, proceeding *pro se*. The Court assumes the parties' familiarity with the case.

This Court "typically review[s] the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (cleaned up).

Section 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in Section 3553(a)" if it finds "extraordinary

2

and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *Keitt*, 21 F.4th at 71. If a defendant is eligible for a reduction, the district court must "determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

The district court did not abuse its discretion here by declining to reduce Montoya's sentence. The district court properly considered the § 3553(a) factors, such as the seriousness of Montoya's offense and the need for deterrence, in deciding that a sentence reduction was not warranted. *See* 18 U.S.C. § 3553(a)(1), (2). As the district court concluded—and as Montoya does not dispute—his crime of conviction involved organizing drug couriers to smuggle heroin into the United States from Colombia and distributing the heroin within the United States. Further, the district court correctly found that Montoya had committed the offense while serving a term of supervised release. In weighing these factors, as well as, *inter alia*, Montoya's criminal history, the district court did not abuse its discretion by determining that a sentence reduction was not warranted.

Montoya argues that the district court failed to consider his medical records and evidence of the conditions at FCI Fort Dix during the pandemic. This is incorrect. The district court did consider this evidence, concluding that Montoya had shown extraordinary and compelling reasons for a sentence reduction. Nevertheless, "extraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). A district court's determination that the section 3553(a) factors counsel against a sentence reduction can warrant denial of compassionate release, notwithstanding

the presence of extraordinary and compelling reasons for such relief. *See Keitt*, 21 F.4th at 73 (2d Cir. 2021). That is the case here.

In urging otherwise, Montoya faults the district court for not affording sufficient weight to the conditions of his confinement during the COVID-19 pandemic in balancing the section 3553(a) factors. Even assuming that Montoya did not waive this argument by failing to raise it before the district court, the court committed no error by placing greater weight on the seriousness of Montoya's offense and his history of recidivism in concluding that a sentence reduction was not warranted despite the conditions and health risks at the prison. *See United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) ("While a district court must consider each § 3553(a) factor in imposing a sentence, the weight given to any single factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." (internal quotation marks omitted)).

Montoya also contends that the district court erred by relying on his commission of the conspiracy offense "for which he is presently incarcerated" while still serving a term of supervised release. *See United States v. Hernando Estevens Montoya Guzman*, No. 16-CR-126, Dkt. 177, *6 (S.D.N.Y. Apr. 28, 2021). This was an accurate statement. Montoya pleaded guilty to participating in a drug conspiracy that began in April 2013, and he did not complete his term of supervised release for an earlier crime until August 2013. Montoya argues that he "committed" the new offense only when he was "consigned to custody," Appellant's Reply Br. at 1, but he misunderstands both the relevant inquiry and the district court's ruling. The district court properly focused on when Montoya "committed" the new offense in the sense of when he joined in the charged conspiracy. The fact that he engaged in that criminal conduct while on supervised release for an earlier crime demonstrated his disregard for the law, which the district court properly

4

regarded as an aggravating sentencing factor. It was irrelevant when he happened to be apprehended for that conduct and consigned (or "committed") to custody.

This Court has reviewed the remainder of Montoya's arguments and finds them unpersuasive. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court