21-343
*United States v. Williams*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-three.

PRESENT:
> AMALYA L. KEARSE,
> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                              No. 21-343

STEVEN WILLIAMS,

> *Defendant-Appellant.*

_____

**For Defendant-Appellant:** Steven Williams, pro se, F.C.I. Fort Dix, Joint Base MDL, NJ.

**For Appellee:** Lara Pomerantz, Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court denying Williams's second motion for reconsideration is **AFFIRMED**, and Williams's appeal as to all other orders is **DISMISSED**.

In 2017, Steven Williams was convicted after trial of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and was sentenced to 150 months' imprisonment, to be followed by five years' supervised release. Williams, now proceeding pro se, appeals from the district court's orders denying his two motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and two subsequent motions for reconsideration of the denial of his second motion for

compassionate release. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As a threshold matter, the government asks us to dismiss as untimely the portion of the appeal challenging the district court's orders that denied Williams's two motions for compassionate release and first motion for reconsideration. In a criminal case, a notice of appeal must be filed within fourteen days of the entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A). While this requirement is not jurisdictional, an appeal nevertheless must be dismissed when the government properly objects to the filing of a notice of appeal as untimely. *See United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008). Here, Williams filed his notice of appeal on February 16, 2021 – seventy-seven days after the denial of his first compassionate-release motion, twenty-eight days after the denial of his second compassionate-release motion, and twenty-two days after the denial of his first motion for reconsideration. Because the government has objected to the untimeliness of the notice of appeal with respect to these orders, we dismiss this portion of the appeal.

That leaves only Williams's appeal from the district court's February 1, 2021 denial of his second motion for reconsideration, which we consider on the merits.

A district court may, in its discretion, grant a motion for compassionate release only when the defendant has exhausted administrative remedies, demonstrated that extraordinary and compelling reasons warrant such relief, and shown that a reduced sentence is consistent with the objectives of sentencing set forth at 18 U.S.C. § 3553(a). *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021). Reconsideration of a district court's denial of such a motion will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). We review a district court's denial of reconsideration for abuse of discretion. *See United States v. Moreno*, 789 F.3d 72, 78 n.4 (2d Cir. 2015).

Here, the district court did not abuse its discretion in denying Williams's second motion for reconsideration. In that motion, Williams sought reconsideration of only one part of the district court's prior order denying his motion for compassionate release – namely, its finding that he failed to exhaust administrative remedies. He did not ask the court to reconsider its finding that he had failed to show "extraordinary and compelling circumstances" – a finding that served as an independent bar to his early release. Dist. Ct. Doc. No. 102 at 5.

4

Because Williams's motion could not have reasonably been expected to "alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257, the district court did not abuse its discretion by denying it.

Williams's arguments to the contrary are unavailing. He first challenges the district court's denial of his motion for reconsideration on the ground that it failed to consider the section-3553(a) factors. But the district court's prior determination that Williams failed to demonstrate extraordinary and compelling reasons for a sentencing reduction rendered it unnecessary for the court to determine, on a motion for reconsideration, whether the section-3553(a) factors were satisfied. *See Keitt*, 21 F.4th at 73 (holding that where, as here, "a district court determines that one of [the section 3582(c)(1)(A) considerations] is lacking, it need not address the remaining ones"). Similarly, Williams's assertion that the district court erred by considering the U.S. Sentencing Guidelines policy statements, which he contends "have no application to prisoner-initiated motion[s]," Williams Br. at 4, is irrelevant in light of the district court's independent determination that Williams failed to show extraordinary and compelling reasons to justify compassionate release. The facts that Williams did not raise this argument in connection with his second motion for reconsideration, and did not timely appeal from the district

5

court's prior orders discussing the policy statements, further prevent us from considering this argument here. For these reasons, we conclude that the district court did not err in denying Williams's second motion for reconsideration.

We have considered Williams's remaining arguments and found them to be without merit. Accordingly, we **AFFIRM** the district court's order denying his second motion for reconsideration and **DISMISS** as untimely Williams's challenges to the other orders referenced in his appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6