22-980-cr
United States v. Van Manen

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of June, two thousand twenty-three.

PRESENT:
>           **MICHAEL H. PARK,**
>           **WILLIAM J. NARDINI,**
>           **ALISON J. NATHAN,**
>                   *Circuit Judges.*

---

**United States of America,**

>                   *Appellee,*

>           **v.**                                                    **22-980**

**Paul Van Manen,**

>                   *Defendant- Appellant.*\*

---

**FOR APPELLEE:**                                         Catherine E. Ghosh,
                                                          Hagan Scotten, Assistant

---

\* The Clerk is respectfully directed to amend the caption accordingly.

United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**                 Paul Van Manen, *pro se*, Fort Dix, NJ.

Appeal from an order of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Paul Van Manen, proceeding *pro se*, appeals from the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of COVID-19. The district court ruled that Van Manen had not established extraordinary and compelling reasons warranting release and that the 18 U.S.C. § 3553(a) factors weighed against a sentence reduction. *See United States v. Van Manen*, No. 18-CR-30-3, 2022 WL 842989, at *1–3 (S.D.N.Y. Mar. 22, 2022). Van Manen appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

A district court may, in an exercise of its discretion, reduce a defendant's term of imprisonment by granting a 18 U.S.C. § 3582(c)(1)(A) motion—the "compassionate

2

release" provision—if (1) the defendant has exhausted administrative remedies; (2) the § 3553(a) sentencing factors favor a sentence reduction; and (3) the defendant's circumstances are extraordinary and compelling "such that, in light of these § 3553(a) factors, a sentence reduction is justified . . . and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). We review the denial of such a motion for abuse of discretion. *Id.*

Here, the district court did not abuse its discretion in finding that the § 3553(a) factors weighed against a sentence reduction. The district court considered the seriousness of Van Manen's offense (narcotics conspiracy involving fentanyl resulting in injury and death), his lengthy criminal history, the danger he posed to the community, and his lack of remorse. *Van Manen*, 2022 WL 842989, at *3. The district court concluded that reducing his sentence would not "reflect the seriousness of the offense, promote respect for the law, or afford adequate deterrence to criminal conduct under § 3553(a)." *Id*. (internal quotation marks omitted). The court also acknowledged Van Manen's substance-abuse struggles and indicated that this mitigating factor was considered at sentencing, resulting in a below-Guidelines sentence of 276 months' imprisonment. *Id.* Finally, the district court emphasized that Van Manen had served less than a quarter of his sentence, "counsel[ing] against an early release." *Id.*

Van Manen contends that sentencing disparities with his co-defendants weigh in favor of granting compassionate release, but we do not find his argument persuasive. Section 3553(a)(6) directs district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." "[T]he weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (cleaned up); *see also United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022) (applying *Verkhoglyad* to compassionate release). The district court noted that Van Manen's co-defendants received a lower sentence because they accepted responsibility for their actions. *See Van Manen*, 2022 WL 842989, at *3 n.3. Van Manen did not. Moreover, it was well within the district court's discretion to place more weight on the seriousness of the offense, the need for deterrence, and the promotion of respect for law.

We have considered Van Manen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4