*United States v. Zayac*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand twenty-three.

Present:
>  José A. Cabranes,
>  Robert D. Sack,
>  Myrna Pérez,
>  *Circuit Judges*.

---

United States of America,

>  *Appellee*,

>  v.  No. 22-1425

Heriberto Gonzalez, AKA Eddie, AKA Pablo,

>  *Defendant*,

Andrew Zayac,

>  *Defendant - Appellant.*

---

*For Appellee*:

ROBERT S. DEARINGTON, Assistant United States Attorney, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, Connecticut.

*For Defendant-Appellant*:

ANDREW J. FRISCH, The Law Offices of Andrew J. Frisch, PLLC, New York, New York.

Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

Petitioner Andrew Zayac appeals the district court's judgment denying a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Upon due consideration, it is hereby **ORDERED** that the judgment of the district court is **AFFIRMED**.

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, (the "First Step Act") expanded the process for requesting a modification of a sentence by allowing any incarcerated person in the federal Bureau of Prisons (the "Bureau") to file a district court motion seeking to "reduce the term of imprisonment" after they have exhausted administrative remedies with the Bureau. 18 U.S.C. § 3582(c)(1)(A). The district court may grant the motion for one of two reasons, only one of which is at issue in this case: if "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). Our court has held that "the First Step Act free[s] district courts to exercise their discretion in determining what are extraordinary circumstances." *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).

The inquiry does not end with the "extraordinary and compelling reasons" analysis. "[A] finding of extraordinary and compelling reasons is necessary, but not sufficient, to *grant* a defendant's motion for compassionate release." *United States v. Keitt*, 21 F.4th 67, 69 (2d Cir.

2

2021) (emphasis in original) (quoting *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021)). The district court must also "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Keitt*, 21 F.4th at 71 (brackets in *Keitt*) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Because of the wide discretion the First Step Act vests in district courts, "[w]e typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *Keitt*, 21 F.4th at 71 (quoting *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020)).

We cannot say that in this case the district court abused its discretion in rejecting all three reasons for release that Mr. Zayac alleged were "extraordinary and compelling" under § 3582. First, the district court declined to consider the sentencing disparity between Mr. Zayac and his co-defendant, because Mr. Zayac was convicted of kidnapping resulting in death and felony murder, whereas a separate jury acquitted his co-defendant of all of the more serious charges against the two. Second, the district court noted that Mr. Zayac is now vaccinated against Covid-19, which weighed against concluding that Covid-19 and its implications for his incarceration were a compelling reason for release. And finally, the district court recognized Mr. Zayac's attempts at rehabilitation as compelling but weighed his evidence against a series of disciplinary tickets he accrued in prison. Even if the district court erred in its evaluation of these relatively *de minimis* disciplinary infractions, the Second Circuit has held that "[t]he only statutory limit on what a court may consider to be extraordinary and compelling is that 'rehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Brooker*, 976 F.3d at 237–8 (some alterations in *Brooker)* (quoting 28 U.S.C. § 994(t)).

Because we cannot say the district court abused its discretion when weighing Mr. Zayac's evidence and ultimately denying his motion for compassionate release, we affirm the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court