*United States v. Padilla (Robinson)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand twenty- four.

PRESENT:
          GERARD E. LYNCH,
          BETH ROBINSON,
          SARAH A. L. MERRIAM,
                    *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

          *Appellee*,

          v.                                                                No. 23-6150

JOSHUA QUAZAIN ROBINSON,

          *Defendant-Appellant,*

JUAN PADILLA, LUIS MIGUEL SANCHEZ, JONATHAN ISIDRO SANCHEZ, LUIS JONATHAN SANCHEZ, JARVIS WEBB, JOSE ABREU,

*Defendants.**

_____

FOR APPELLANT:                Joshua Quazain Robinson, pro se, Ray Brook, NY.

FOR APPELLEE:                 Jo Ann M. Navickas, Andrés Palacio, Assistant United States Attorneys *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Garaufis, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order denying compassionate release is **AFFIRMED**.

Defendant-appellant Joshua Quazain Robinson is serving a 121-month

---

* The Clerk's office is directed to amend the caption as reflected above.

federal sentence arising out of a 2012 conviction for a heroin distribution conspiracy. In 2022, proceeding pro se, he moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court denied his motion because Robinson failed to exhaust his administrative remedies and had not otherwise demonstrated extraordinary and compelling reasons for release or that the 18 U.S.C. § 3553(a) sentencing factors weighed in favor of a sentence reduction. *See generally United States v. Robinson*, No. 10-CR-789 (NGG), 2022 WL 16924176 (E.D.N.Y. Nov. 14, 2022). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, which we discuss only to the extent necessary to explain our decision to affirm.

We review the denial of a motion for a discretionary sentence reduction for abuse of discretion. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). A district court abuses its discretion if its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or if the decision cannot be located within the range of permissible outcomes. *Id.*

A district court may grant a "compassionate release" motion and lower a federal prisoner's sentence if (1) the defendant has exhausted available

3

administrative remedies, (2) extraordinary and compelling reasons warrant a reduction, and (3) the § 3553(a) sentencing factors favor a reduction. 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release fails if any one of these factors is not satisfied. As a result, we generally must affirm if the district court properly exercised its discretion in deciding that the § 3553(a) factors weighed against release, regardless of whether there are extraordinary and compelling factors or if the movant has exhausted administrative remedies. *See United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022).

We conclude that the district court did not abuse its discretion in deciding that the § 3553(a) factors weighed against relief, which provides an independent ground to affirm. The court determined that contrary to Robinson's argument, there was no egregious sentencing disparity between him and his codefendants, with whom he was not similarly situated due to their generally less extensive criminal histories. *See Robinson*, 2022 WL 16924176, at *5. Robinson's "substantial criminal history that includes acts of violence" and the "current offense involv[ing] serious drug trafficking violations" also counseled against a reduction. *Id.* at *6. The district court did not credit his claims of "specific

4

rehabilitative strides" because he had not provided sufficient evidence of changed circumstances or progress. *Id.* While Robinson disputes these conclusions, he does not persuasively show that the district court's decision was outside the bounds of permissible outcomes. *See Keitt*, 21 F.4th at 71.

Robinson also argues that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), the district court miscalculated his total offense level. To the extent this is relevant to the § 3553(a) inquiry, his argument fails because those cases do not prevent factfinding at sentencing that affects *guidelines* calculations as opposed to *statutory* minimums.

We have considered Robinson's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the order of the district court denying compassionate release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5