24-459-cr
*United States v. Suero (Darge)*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-five.

PRESENT:
　　　　ROBERT D. SACK,
　　　　BETH ROBINSON,
　　　　　　*Circuit Judges,*
　　　　JOHN G. KOELTL,
　　　　　　*District Judge.*[*]

_____

United States of America,

　　　　　　*Appellee,*

　　　　v.　　　　　　　　　　　　　　　　　　24-459

Patrick H. Darge,

　　　　　　*Defendant-Appellant,*

_____

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

Manuel Aladino Suero, Jose German Rodriguez-Mora, AKA Gordo, Alberto Reyes, AKA Zac, Joe Fernandez, Luis Rivera,

*Defendants.*[†]

_____

| | |
|---|---|
| **FOR APPELLEE:** | Diarra M. Guthrie, James Ligtenberg, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | Patrick Darge, *pro se*, Yazoo City, MS. |

Appeal from an order of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Patrick Darge, representing himself, appeals the district court's denial of his second 18 U.S.C. § 3582(c)(1)(A) motion for a sentence reduction. In 2012, Darge pled guilty to: (1) the use of a firearm in furtherance of a drug trafficking crime that caused the death of Arturo Rizzetto, in violation of 18 U.S.C. §§ 924(j)(1) and

[†] The Clerk's office is respectfully directed to amend the caption as reflected above.

2

(2); (2) the murder of Arturo Cuellar while engaged in a drug trafficking conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; (3) the murder of Ildefonso Vivero Flores while engaged in a drug trafficking conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; and (4) murder for hire, in violation of 18 U.S.C. § 1958. He was sentenced, principally, to 30 years' imprisonment, to run concurrently on all four counts, and 5 years' supervised release, also to run concurrently on all four counts. We affirmed the judgment on direct appeal. *See United States v. Fernandez*, 648 F. App'x 56 (2d Cir. 2016) (summary order).

In 2021, Darge filed his second § 3582(c)(1)(A)(i) motion for a sentence reduction, based on his health conditions and the risk of COVID-19, among other reasons. In 2024, the district court denied the motion.

Darge appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

"We review the denial of a motion for compassionate release for abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022).[1] "A district

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

3

court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).

Under 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction," and (2) the "sentence reduction is justified" in light of the 3553(a) factors. *Keitt*, 21 F.4th at 71, 73. Because a prisoner must meet both requirements, a failure to satisfy either provides an independent basis to deny relief. *Id.* at 73.

Here, the district court did not abuse its discretion in denying Darge's second § 3582(c)(1)(A) motion. The district court reasonably concluded that the 18 U.S.C. § 3553(a) factors weighed against a sentence reduction in light of Darge's criminal history, the seriousness of his offenses, the need to promote respect for the law, the need to provide just punishment, and the fact that Darge had only served a third of his sentence. The court emphasized that Darge's three murders were serious crimes that followed Darge's attempted kidnapping and drug-related convictions, and that Darge had recruited others to join his crimes. The court's application of the § 3553(a) factors is "located within the range of permissible

4

decisions." *Id.* at 71.

We reject Darge's argument, raised for the first time on appeal, that a sentence reduction is compelled because the court reduced the sentence of his partner-in-crime. Among other things, Darge has not established that his confederate was similarly situated. In addition, this Court subsequently reversed the district court's sentence reduction order and judgment with respect to Darge's confederate. *United States v. Fernandez*, 104 F.4th 420 (2d Cir. 2024).

Because we conclude that the district court did not err in determining that early release was not warranted in light of the § 3553(a) factors, we need not consider Darge's challenge to the district court's conclusion that he had failed to show "extraordinary and compelling reasons" that warrant sentence reduction. *Keitt*, 21 F.4th at 71.

\* \* \*

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5