24-3345-cr
*United States v. Fox*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-five.

PRESENT:
RICHARD C. WESLEY,
JOSEPH F. BIANCO,
BETH ROBINSON,
*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                24-3345-cr

KEVIN JAMES FOX,

*Defendant-Appellant.*

_____


FOR DEFENDANT-APPELLANT:            Kevin Fox, *pro se*, Butner, North Carolina.

FOR APPELLEE:            Katherine A. Gregory, Assistant United States Attorney, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from an order of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on November 29, 2024, is **AFFIRMED**.

Kevin Fox, who is proceeding *pro se* and is incarcerated, appeals from the district court's denial of his second motion for compassionate release.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

On October 2, 2018, Fox pled guilty, pursuant to a plea agreement, to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). On July 12, 2019, the district court sentenced Fox principally to 220 months' imprisonment. On March 5, 2024, Fox filed his second motion for compassionate release, pursuant to 18 U.S.C. § 3582, seeking a reduction in his sentence to time served on the grounds that, among other things, his medical issues, caretaking responsibilities for his wife, and rehabilitation all supported early release from prison. The district court denied the motion because it concluded that Fox did not demonstrate extraordinary and compelling circumstances, and even if he had, the sentencing factors enumerated in 18 U.S.C. § 3553(a) did not warrant release. This appeal followed.

This Court "review[s] the denial of a motion for compassionate release for abuse of discretion and underlying matters of statutory interpretation *de novo*." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). "A district court has abused its discretion if it has

---

[1] Fox filed his first motion for compassionate release on October 2, 2020, which the district court denied on November 16, 2020. That decision is not at issue on appeal.

(1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (citation omitted).

Under 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," and "after considering the factors set forth in section 3553(a)." *Id.* § 3582(c)(1)(A); *see also Keitt*, 21 F.4th at 71. Because both extraordinary and compelling circumstances and the § 3553(a) factors must support relief, concluding that either condition is lacking is sufficient to deny relief and, accordingly, for this Court to affirm. *See Keitt*, 21 F.4th at 73.

Here, the district court did not abuse its discretion in denying Fox's motion because, even if Fox had demonstrated "extraordinary and compelling reasons" for a sentence reduction—a question we need not decide, the district court acted well within its discretion in determining that the § 3553(a) factors weighed against such relief. In particular, the district court first explained that Fox had served less than half of his 220-month sentence. *See United States v. Kantor*, 853 F. App'x 723, 726 (2d Cir. 2021) (summary order) (noting that the inquiry into "how compassionate release would alter the aims of the original sentence" (as determined pursuant to the § 3553(a) factors) "often involves assessing the proportion of a defendant's stated sentence yet to be served"). The district court then emphasized that the § 3553(a) factors, which it carefully balanced at sentencing, did not warrant release. In doing so, the district court noted, and agreed with, the government's argument that, even if Fox demonstrated the requisite extraordinary and compelling circumstances, "based on a review of the [section] 3553(a) factors, including the defendant's egregious conduct that involved the sexual exploitation of two minor victims, release is not

3

warranted." Dist. Ct. Dkt. No. 75 (internal quotation marks and citation omitted). Indeed, at sentencing, the district court characterized Fox's conduct as perhaps "the most horrific . . . of any . . . child pornography case that I've seen since I've been on the bench or when I was a practicing attorney." Gov. App'x at 29. The district court further explained at sentencing that "the nature and circumstances of the offense, the seriousness of the offense, the need to protect the public, the need for deterrence, the interest in providing a fair sentence to [Fox], and providing fair punishment to [Fox]," all called for a sentence within the Guidelines. *Id.* at 31. The district court imposed a sentence of 220 months' imprisonment rather than the maximum guidelines sentence because Fox had "never . . . been arrested before." *Id.* Therefore, based upon its consideration of the fact that Fox had served less than half of his sentence and its weighing of the § 3553(a) factors, including the extreme severity of Fox's conduct, we conclude that the district court's denial of the compassionate release motion was "located within the range of permissible decisions." *Keitt*, 21 F.4th at 71 (citation omitted).

Finally, to the extent Fox suggests that the district court's § 3553(a) analysis was inadequate because it failed to explicitly address each of his arguments regarding mitigation, as well as each § 3553(a) factor individually, his contention is without merit. "A district court is presumed to have considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *Halvon*, 26 F.4th at 570 (internal quotation marks and citation omitted). The record here makes no such suggestion. Moreover, this Court may not "require that a particular factor be given determinative or dispositive weight." *Id.* at 571 (internal quotation marks and citation omitted). Indeed, Fox's "[m]ere disagreement with how the district court balanced

the § 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." *Id.* at 569 (internal quotation marks and citation omitted).

*  *  *

We have considered Fox's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court