24-3043-cr
*United States v. Mighty*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

      *Appellee,*

v.                                                                                24-3043-cr

EDWARD MIGHTY, AKA MIGHTY, AKA ANTHONY, AKA TONY,

      *Defendant-Appellant.*

---

FOR APPELLEE:                        Tiffany H. Lee, Assistant United States Attorney, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:              Edward Mighty, *pro se*, Lisbon, Ohio.

Appeal from an order of the United States District Court for the Western District of New York (Frank Paul Geraci, Jr., *Judge.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on November 7, 2024, is **AFFIRMED**.

Edward Mighty, proceeding *pro se*, appeals the district court's order denying his second motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(1)(A). In 2015, Mighty pled guilty to: (1) conspiracy to possess with intent to distribute, and to distribute, at least 5 kilograms of cocaine and at least 280 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and (2) possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. In 2017, the district court sentenced Mighty principally to 300 months' imprisonment, which was the combined minimum sentence for the two counts at the time under the statutes. In 2020, Mighty filed a *pro se* motion for compassionate release based on his medical conditions and the COVID-19 pandemic, which the district court denied. In May 2024, Mighty filed a second *pro se* motion for a sentence reduction, arguing that (1) changes in the law resulted in him now having an unusually long and grossly-disparate sentence, (2) he suffered punitive conditions while incarcerated during the COVID-19 pandemic, and (3) the sentencing factors, set forth in 18 U.S.C. § 3553(a), supported reducing his term of imprisonment to time-served or to 180 months. With respect to the change in the law, Mighty noted, *inter alia*, that his prior state conviction would no longer trigger the enhanced mandatory minimum of 20 years' imprisonment on the drug count, but rather would now result in a 10-year minimum. In denying the motion, the district court concluded that Mighty had not demonstrated the requisite extraordinary and compelling circumstances for a reduction. In particular, the

2

district court explained that, "while it is true that [Mighty] would no longer face a mandatory minimum sentence of 240 months, his 240-month sentence still falls within the guideline range [of 210 to 262 months]" and "[h]e would also still be subject to the mandatory five-year consecutive sentence for possession of a firearm." App'x at 129. Thus, the district court "conclude[d] that there is not a gross disparity between the sentence being served and the sentence likely to be imposed today[,]" and "[t]herefore, [Mighty] ha[d] not demonstrated 'extraordinary and compelling' reasons for a sentence reduction based on an unusually long sentence and change in law." *Id*. at 129–30. The district court also rejected Mighty's argument that the punitive conditions during the COVID-19 lockdown constituted an extraordinary and compelling reason for a sentence reduction. The district court further concluded, in the alternative, that the Section 3553(a) factors did not warrant a sentence reduction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review the denial of a motion for a discretionary sentence reduction for abuse of discretion and underlying matters of statutory interpretation *de novo*. *See United States v. Moore*, 975 F.3d 84, 88–89 (2d Cir. 2020). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (internal quotation marks and citation omitted).

Under 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "after

3

considering the factors set forth in section 3553(a)."   18 U.S.C. § 3582(c)(1)(A)(i); *see also Keitt*, 21 F.4th at 71.   Because extraordinary and compelling circumstances and the Section 3553(a) factors must both support relief, concluding that either condition is lacking is sufficient to deny relief and for this Court to affirm.   *See Keitt*, 21 F.4th at 73.

Here, even assuming *arguendo* that Mighty demonstrated extraordinary and compelling circumstances warranting a sentence reduction, the district court did not abuse its discretion in concluding that the Section 3553(a) factors weighed against granting his motion.   In explaining its decision, the district court referenced its consideration of the Section 3553(a) factors at Mighty's sentencing, as well as in its denial of his first motion for a sentence reduction.   In particular, the district court reiterated that Mighty's offense conduct was "serious" because "[he] was identified as one of the leaders of the Rochester drug operation which involved kilo quantities of cocaine being transported . . . into this community[,] which is a poison that destroys individuals and families and communities[,]" and "[he] had several previous convictions."   App'x at 133 (internal quotation marks omitted).   On this record, the district court's determination that the 300-month sentence "remain[ed] appropriate," *id*., was based on a reasonable analysis of the Section 3553(a) factors that was "located within the range of permissible decisions," *Keitt*, 21 F.4th at 71 (internal quotation marks and citation omitted).

On appeal, Mighty argues that the district court overlooked the need to avoid unwarranted sentencing disparities among similarly situated defendants under Section 3553(a)(6), namely, the lower sentences received by his co-defendants.   We disagree.   As a threshold matter, "we have repeatedly made clear that § 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants."

4

*United States v. Ghailani*, 733 F.3d 29, 55 (2d Cir. 2013) (internal quotation marks and citation omitted). In any event, in denying Mighty's motion, the district court explained that his "role as a leader of the conspiracy as well as his lack of cooperation with the Government [were] reasonable explanations for the sentencing disparities between [Mighty] and other co-defendants." App'x at 133; *see also United States v. Ebbers*, 458 F.3d 110, 129 (2d Cir. 2006) ("[A] reasonable explanation of the different sentences here is readily apparent, namely, the varying degrees of culpability and cooperation between the various defendants."). As we have noted, "[t]hat the district court gave greater weight to [the] unchanged factors [from the original sentence] than to the changed circumstances on which [the movant] relies does not mean that the court failed to consider the latter." *United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022) (per curiam).

Moreover, to the extent that Mighty contends that the analysis was insufficient because it did not contain an explicit consideration of each of the Section 3553(a) factors, "[a] district court is presumed to have considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *Id*. at 570 (internal quotation marks and citation omitted). Here, nothing in the record suggests a failure by the district court to consider the relevant Section 3553(a) factors. Although Mighty disagrees with the district court's balancing of the Section 3553(a) factors, we have emphasized that we do not require "that a particular factor be given determinative or dispositive weight" because "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks and citation omitted). Thus, Mighty's "[m]ere disagreement with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569 (internal quotation marks and

citation omitted).

In sum, the district court acted within its discretion in determining that the Section 3553(a) factors did not warrant a sentence reduction and denying Mighty's motion.

*          *          *

We have considered Mighty's remaining arguments on appeal and conclude that they are without merit.   Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6