23-8037-cr
*United States v. Thai*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand twenty-six.

PRESENT:
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　　*Appellee*,

　　　　v.　　　　　　　　　　　　　　　　　　　　23-8037-cr

LAN NGOC TRAN, MINH DO, DAT NGUYEN, TAM THANH DO, AKA JOHNNY, AKA LONG THANH, AKA SON, L.V. HONG, AKA LV HONG, TAN LAI, BAO HUNG TRAN, JIMMY NGUYEN, HOANG HUY NGO, QUANG VAN NGUYEN, NIGEL JAGMOHAN, TUAN LEE, AKA DURANIA MICHAEL, AKA LITTLE COBRA,

　　　　　*Defendants-Defendants*,

DAVID THAI,

　　　　　*Defendant-Appellant*.

---

FOR APPELLEE:                                    MEGAN LARKIN (Whitman G.S. Knapp, *on the brief*), Assistant United States Attorneys, *for* John J. Durham, United States Attorney for the Eastern District of New York, New York.

FOR DEFENDANT-APPELLANT:               MURRAY E. SINGER, Port Washington, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Carol B. Amon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on December 1, 2023, is **AFFIRMED**.

Defendant-Appellant David Thai appeals from the district court's denial of his third motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

On March 30, 1992, a jury convicted Thai of numerous crimes related to his participation in, and leadership of, a racketeering enterprise known as the "Born to Kill" gang, which engaged in violent criminal activity in Chinatown's Canal Street area in lower Manhattan. On October 23, 1992, the district court sentenced Thai principally to two concurrent terms of life imprisonment. On appeal, this Court affirmed the convictions, with the exception of a reversal of the charge in Count Fifteen (conspiracy to commit assault in aid of racketeering) which was subsequently dismissed by the district court and did not impact his life sentence. *See generally United States v. Thai*, 29 F.3d 785 (2d Cir. 1994).

In November 2019, Thai filed a motion for compassionate release because of his poor health. In March 2020, Thai argued in a supplemental filing that the COVID-19 pandemic posed a significant risk to his health. In April 2020, the district court denied the motion. More specifically, the district court concluded that, although Thai established an extraordinary and

2

compelling circumstance, *i.e.*, a serious physical condition in the form of Shy Drager disease and cardiac issues, the relevant Section 3553(a) factors "overwhelmingly militate[d] against a modification of Thai's life sentence[.]" App'x at 117. In particular, the district court emphasized, *inter alia*, the extremely violent nature of Thai's conduct as the leader of a gang:

> Thai merited the life sentence he received. "Born to Kill," the gang Thai led, systematically targeted Asian individuals, on the assumption that Asian victims would be most intimidated by the gang's violence and least likely to report its crimes to the police. Thai's leadership role in the gang involved, among other things, maintaining "safe houses" for gang members, planning robberies and supplying weapons to gang members selected to carry them out, and ordering the violent acts themselves. Among the violent acts orchestrated by Thai was the murder of a robbery victim who had cooperated with the police; the victim was executed in front of his 12-year old nephew. Thai also bore the responsibility for the violence perpetrated by the men that he led, which included, among other violent acts, shooting another robbery victim in the head after stabbing him and systematically tying up and brutalizing other robbery victims, who were often women. Thai's violence was also directed to the gang members themselves. As the Second Circuit noted in affirming Thai's conviction: "Discipline was strict, and gang members who disobeyed orders or who were suspected of cooperating with the police or of keeping the proceeds of robberies for themselves, instead of turning them over to Thai, suffered violent retribution."

*Id*. at 115 (quoting *Thai*, 29 F.3d at 795) (internal citations omitted). In addition, with respect to Thai's history and characteristics, the district court explained that "his history of violence began earlier than even the charged crimes," noting that the Presentence Report indicated that "he personally murdered two members of a rival gang" in 1989. *Id*. at 116. Finally, although acknowledging that "Thai [had] presumably tried to better himself in prison by taking numerous educational courses and doing well," and that such rehabilitation was "commendable," the district court found "Thai's apparent lack of remorse" to be "particularly troubling," noting that his statements in his motion papers about the reasons for his violent conduct—such as that he was "'young, foolish and uneducated'"—"convey[ed] no regret for his actions or the harm caused to his many victims." *Id*. (internal citation omitted).

3

In May 2020, Thai again moved for compassionate release, asserting again that the COVID-19 pandemic increased his health risks and that there had been confirmed cases of COVID-19 in the facility in which he was incarcerated. In June 2020, the district court denied the motion, reiterating that it had denied Thai's prior motion based

> on the fact that the § 3553(a) factors—namely, the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense—outweighed any 'extraordinary and compelling' circumstances, including the ongoing COVID-19 pandemic, put forth by Thai.

*Id*. at 123. More specifically, the district court emphasized that the fact that there were confirmed cases of COVID-19 at Thai's facility did "not present circumstances different enough to overcome the § 3553(a) factors, which [the] Court [had] already found weigh[ed] strongly against Thai's release." *Id*.

In August 2023, Thai filed his third motion for compassionate release on the grounds that his medical issues and post-sentencing rehabilitation supported early release. In December 2023, the district court denied the motion. In particular, the district court "consider[ed] whether Thai [had] presented new evidence that alter[ed] [its] previous analysis of [the Section 3553(a)] factors" and, referencing its reasoning in its prior determinations, concluded that "Thai [had] not presented circumstances sufficiently different to overcome the § 3553(a) factors, which [it had] already twice found weigh[ed] strongly against Thai's release." Special App'x at 2. This appeal followed.

A district court "may reduce" a defendant's term of imprisonment, "after considering the factors set forth in [18 U.S.C. §] 3553(a)," if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). Thus, a district court may deny a compassionate release motion "in sole reliance on the applicable [Section] 3553(a) factors[.]" *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021)

4

(per curiam); *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam) ("[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)."). We review a district court's denial of compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Keitt*, 21 F.4th at 71 (internal quotation marks and citation omitted).

We discern no abuse of discretion in the district court's decision to deny Thai's motion based upon its determination that the Section 3553(a) factors continued to weigh against his release. Thai contends, *inter alia*, that the district court abused its discretion because he clearly expressed remorse for his criminal conduct in his latest compassionate release motion and that it was "not reasonable" for the district court "to reject expressions of remorse because it [was] 'too late.'" Appellant's Br. at 14. We are unpersuaded. Importantly, the district court not only noted the lateness of the remorse, but rather also emphasized that, "even if sincere, his remorse fails to negate the immense violence perpetrated throughout New York under his leadership that precipitated his sentence." Special App'x at 3. Indeed, the district court, referencing the Section 3553(a) factors that it analyzed in its April 2020 order denying his first compassionate release motion, explained that it continued to "maintain that 'Thai merited the life sentence he received' for the violence he inflicted personally and through his leadership of the 'Born to Kill' gang." *Id.* at 2–3 (quoting Apr. 27, 2020 Mem. and Order at 8, Dist. Ct. Dkt. No. 704.). The district court similarly acted well within its discretion in again rejecting arguments previously asserted by Thai in his prior motions, noting "his continued educational and other rehabilitation programming and

5

lack of disciplinary infractions over 22 years do not warrant release" and that "[h]is status as a first-time offender also remains unconvincing given the violent pre-conviction history in his probation reports." *Id*. at 3. In doing so, the district court adequately explained that "[l]etters from prison staff and fellow inmates in support of Thai's rehabilitation are admirable but ultimately do not overcome the other [Section 3553(a)] factors that [it had] previously found to substantially outweigh support for his release." *Id*. at 3 n.1 (citation omitted).

Although Thai argues that the district court "did not fairly assess and balance the evidence presented to it," Appellant's Br. at 13, Thai's disagreement with the district court's balancing of the Section 3553(a) factors provides no basis to disturb the district court's discretion. *See United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (holding that we do not require "that a particular factor be given determinative or dispositive weight" because "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge" (internal quotation marks and citation omitted)); *Halvon*, 26 F.4th at 571 ("That the district court gave greater weight to [the] unchanged factors [from the original sentence] than to the changed circumstances on which [the movant] relies does not mean that the court failed to consider the latter.").

Finally, although Thai cites to various district court decisions granting compassionate release to support his position, nothing in the reasoning of those non-binding cases suggests that the district court abused its discretion in conducting its own individualized assessment of the Section 3553(a) factors in this particular case. *See generally United States v. Rigas*, 583 F.3d 108, 116 (2d Cir. 2009) ("[A] District Court must make an individualized assessment based on all the sentencing factors in § 3553(a)."). Contrary to Thai's assertion, the district court was not "guided" by the "unyielding punitive concept that no one convicted of murder should ever have their

sentence reduced." Appellant's Br. at 14 (internal quotation marks and citation omitted). Instead, the district court carefully conducted the requisite individualized inquiry and reasonably balanced the required Section 3553(a) factors in determining that those factors "continue to outweigh any 'extraordinary and compelling' circumstances supporting Thai's release." Special App'x at 4. Thus, the district court's denial of the compassionate release motion was "located within the range of permissible decisions." *Keitt*, 21 F.4th at 71 (internal quotation marks and citation omitted).

\* \* \*

We have considered Thai's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7